# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| BENJAMIN WILLIAM WAGNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:15CV1277 JAR |
| ) | |
| JAZEALL BROWN, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $12.60, which is twenty percent of his average monthly deposit. *See* 28 U.S.C. § 1915(b).

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.*

### The Complaint

Plaintiff brings this suit against several officials or former officials of the St. Louis City Justice Center ("SLCJC") and the Farmington Correctional Center ("FCC"). Plaintiff alleges that defendants violated his First and Fourteenth Amendment rights.

Plaintiff says that from July 2012 through May 2013 defendants Jazeall Brown and Janice Fairless, who worked in the mail room at SLCJC, did not deliver letters to him, unless the letters came from the courts. He claims several letters from his family were held, as well as some IRS documents. And he says that the Circuit Court intervened and ordered defendants to deliver his mail on March 7, 2013.

Plaintiff alleges that in October 2014 defendant Brad Burd, a correctional officer at FCC, placed him in administrative segregation. He was litigating his divorce case at the time, and he told Burd he needed his legal materials to comply with the court's orders. He says Burd refused to give him the materials and as a result he missed a court deadline. He asserts that he wrote a letter to defendant Gregory Rhodes about the issue but that Rhodes did not respond.

Plaintiff says that in October 15, 2014, he was placed in administrative segregation without an explanation other than he was currently under investigation. He claims that on October 16, 2014, defendants Rhodes, Melissa White, and Randy Camden held a disciplinary hearing but did not tell him the nature of the investigation. He says he was confined in administrative segregation for one hundred days and was never allowed to introduce evidence on his own behalf. Plaintiff claims defendants Burd, James Gober, and Tamera White violated his right to due process of law.

Plaintiff is a member of the Church of Jesus Christ of Latter-day Saints ("LDS"). He claims that the Missouri Department of Corrections, through defendant Doug Worsham, classifies LDS as a General Christian group. He says that Catholicism is in its own category. The separate religious groups are given their own money for religious holidays, and each religion celebrates its main holidays according to their own faith. Plaintiff believes that he is being discriminated against because the LDS Church is not given its own classification. He says that

2

other Christians do not believe in the Book of Mormon, and so he is burdened because he cannot preach to them. He wants separate funds for celebrating Mormon holidays.

## Discussion

Plaintiff's claim against defendants Brown and Fairless for obstructing his access to personal correspondence survives initial review under 28 U.S.C. § 1915(e). As a result, the Court will direct the Clerk to serve process on these defendants.

Plaintiff's claim against Brown and Fairless are completely unrelated to his claims against the other defendants, all of whom work at a separate institution. Federal Rule of Civil Procedure 20(a)(2) provides: "Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." In other words, "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). As a result, the remaining defendants will be dismissed for improper joinder.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $12.60 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

3

**IT IS FURTHER ORDERED** that the Clerk is directed to serve process on defendants Jazeall Brown and Janice Fairless.

**IT IS FURTHER ORDERED** that defendants Brad Burd, John/Jane Doe #1, Gregory Rhodes, Richard Gaines, James Gober, Tom Villmer, Melissa White, Randy Camden, Doug Worsham, Elizabeth Hudson, John/Jane Doe #2, and Tamera White are **DISMISSED** without prejudice.

An Order of Partial Dismissal will be filed separately.

Dated this 21ST day of August, 2015.

_____
JOHN A ROSS
UNITED STATES DISTRICT JUDGE