# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| BENJAMIN WILLIAM WAGNER, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:15CV1277 JAR |
| JAZEALL BROWN, et al., | ) ) ) | |
| Defendants, | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to add parties. The Court construes it as a motion for reconsideration and denies it.

In this action under 42 U.S.C. § 1983, plaintiff sues defendants Jazeall Brown and Janice Fairless, who worked in the mailroom at the St. Louis City Justice Center, for stopping his personal mail. He alleges that John/Jane Doe #1 was the mailroom supervisor and that John/Jane Doe #2 was a mailroom clerk. The Court dismissed the John Doe defendants on in forma pauperis review. Plaintiff moves the Court to reconsider the dismissal of these defendants.

Although the Court did not make it clear in its Memorandum and Order, it dismissed these defendants because they are fictitious parties. In general, fictitious parties may not be named as defendants in a civil action. *Phelps v. United States*, 15 F.3d 735, 739 (8th Cir. 1994). An action may proceed against a party whose name is unknown, however, if the complaint makes sufficiently specific allegations to permit the identity of the party to be ascertained after reasonable discovery. *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985). In this case, it is not clear whether plaintiff will be able to ascertain the identities of the fictitious parties during discovery. Therefore, the motion is denied.

This finding does not prevent plaintiff from attempting to ascertain the identities of the John/Jane Doe parties during discovery. If plaintiff does discover the identities of these parties during discovery, and if he wishes to add them to this action, he must file an amended complaint setting forth his claims against these parties. Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and claims that are not realleged are deemed abandoned. *E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to add parties [ECF No. 11] is **DENIED**.

Dated this 10th day of September, 2015.

                                                JOHN A. ROSS
                                                UNITED STATES DISTRICT JUDGE